**Reginald COUNTRY, Appellant,**

v.

**William FOSTER, Superintendent.**

No. 85–2532.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 26, 1986.

Decided Nov. 26, 1986.

Anne E. Winner, Lincoln, Neb., for appellant.

Linda Willard, Asst. Atty. Gen., Lincoln, Neb., for Superintendent.

Before ROSS, JOHN R. GIBSON, and FAGG, Circuit Judges.

ROSS, Circuit Judge.

Reginald Country appeals from the district court's [1] order denying his second 28 U.S.C. § 2254 (1982) petition. We affirm.

On December 13, 1974, Country pled *nolo contendere* to a forcible rape charge in Nebraska; in exchange, the prosecution dropped an habitual criminal charge. Country received a ten to thirty year sentence. His conviction was affirmed on appeal to the Nebraska Supreme Court, and his subsequent requests for post-conviction relief in the Nebraska state courts were denied.

The present section 2254 petition was filed October 24, 1984. Country alleged in his petition that his plea was coerced through the use of hypnotically refreshed testimony which is inadmissible in criminal trials under Nebraska law. He also alleged below that his counsel was ineffective for failing to challenge the victim's testimony as inadmissible.

The district court denied Country's petition, holding that the failure by counsel to inform Country of the victim's hypnotically refreshed testimony did not render Country's plea invalid or counsel ineffective. On appeal, Country challenges both of the district court's findings.

A plea of *nolo contendere,* to be valid, must be voluntary and intelligent. *George v. Black,* 732 F.2d 108, 110 (8th Cir.1984). To determine the voluntariness of a plea, the relevant circumstances must be considered. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). For a plea to be made intelligently, the defendant must have received effective assistance of counsel. *Ford v. Parratt,* 638 F.2d 1115, 1119 (8th Cir.1981)

---

1. The Honorable Warren K. Urbom, Chief Judge for the United States District Court for the District of Nebraska.

(citing *Brady*, 397 U.S. at 754–56, 90 S.Ct. at 1472–73; *McMann v. Richardson*, 397 U.S. 759, 770–71, 90 S.Ct. 1441, 1448–49, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina*, 397 U.S. 790, 797–98, 90 S.Ct. 1458, 1462, 25 L.Ed.2d 785 (1970); *Tollett v. Henderson*, 411 U.S. 258, 266–68, 93 S.Ct. 1602, 1607–08, 36 L.Ed.2d 235 (1973)), *vacated on other grounds*, 454 U.S. 934, 102 S.Ct. 467, 70 L.Ed.2d 242 (1981).

Country claims that the prosecution's case against him was based solely on the victim's hypnotically refreshed testimony. He asserts that, had he known the testimony was hypnotically refreshed and the state's case was therefore extremely weak, he would never have entered his plea. He relies heavily on the Nebraska Supreme Court's holding, six years after his plea, that hypnotically refreshed testimony is inadmissible in criminal trials. *State v. Palmer*, 210 Neb. 206, 218, 313 N.W.2d 648, 655 (1981).

We rely on *Brady* in rejecting Country's claim. In *Brady*, the accused entered a plea of guilty under a federal kidnapping statute which imposed the death sentence when the defendant was convicted by a jury. The statute was later held to be unconstitutional. The Supreme Court held that "absent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady*, 397 U.S. at 757, 90 S.Ct. at 1473 (citation omitted). To allow Country to set aside his plea solely because of the change in Nebraska case law "would be an improvident invasion of the [s]tate's interests in maintaining the finality of * * * plea convictions that were valid under constitutional standards applicable at the time." *McMann*, 397 U.S. at 774, 90 S.Ct. at 1450.

■ Other than the change in Nebraska law, there is every indication that Country's plea was voluntarily made. Country had the opportunity to weigh his alternatives, and he entered his plea after his own assessment. The state was prepared to pursue two charges against Country, and Country had much to gain by pleading *nolo contendere*. The state dropped the habitual criminal charge, and Country did not risk conviction on two charges. Thus his plea, entered prior to the change in Nebraska law which ruled hypnotically enhanced testimony inadmissible, was not involuntary.

■ Country also challenges his counsel's failure to inform him of the hypnotically refreshed testimony and to object to the admissibility of that testimony. While trial counsel's advice must be within the range of competence demanded from criminal lawyers, *McMann*, 397 U.S. at 770–71, 90 S.Ct. at 1448–49, counsel is not required to predict correctly the admissibility of evidence. *Hawkman v. Parratt*, 661 F.2d 1161, 1170 n. 18 (8th Cir.1981). Consequently, the later change in Nebraska case law does not render Country's plea unintelligent.

Furthermore, an error by counsel, even if an unprofessional error, does not constitute ineffective assistance of counsel unless the defendant was prejudiced by the error. *Strickland v. Washington*, 466 U.S. 668, 691–92, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984); *Holtan v. Parratt*, 683 F.2d 1163, 1167 (8th Cir.1982), *cert. denied*, 459 U.S. 1225, 103 S.Ct. 1231, 75 L.Ed.2d 466 (1983). Prejudice requires an actual adversarial effect, *Strickland*, 466 U.S. at 692–93, 104 S.Ct. at 2067, and "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

■ Country has failed to show with a reasonable probability that any objection at the time of his plea would have led to a ruling that the testimony was inadmissible. While Country's counsel had the tools with which to develop an argument at the time of Country's plea that the evidence was

inadmissible, *e.g.*, *Greenfield v. Commonwealth*, 214 Va. 710, 204 S.E.2d 414, 419 (1974) (agreeing with "vast majority of authorities" that hypnotic evidence is inadmissible), legal concepts are slow to develop. *Reed v. Ross*, 468 U.S. 1, 15, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984). As noted by the Nebraska Supreme Court in *State v. Palmer*, prior to 1980–81, courts were generally concerned with the hypnotized witness' credibility, not the admissibility of the testimony. *State v. Palmer*, 210 Neb. at 215, 313 N.W.2d at 653. Furthermore, the Nebraska Supreme Court, in reaching its final decision, cited no earlier Nebraska precedent but instead relied on three 1980–81 cases from other states which developed new standards for the admissibility of hypnotically refreshed testimony. *Id.* at 215–17, 313 N.W.2d at 653–54. Because Country has failed to show that he was actually prejudiced, the outcome of the plea bargain can be justifiably relied upon as being fair.

Affirmed.