UNITED STATES of America, Plaintiff,

v.

Ricky Lee MILTON, Defendant.

No. 97–20015–01–EEO.

United States District Court,
D. Kansas.

May 13, 1997.

Thomas E. Foster, Foster & Foster, Overland Park, KS, for defendant.

Robert S. Streepy, Office of U.S. Atty., Kansas City, KS, for U.S.

### MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

This matter is before the court on defendant's motion to dismiss (Doc. # 16). After careful consideration of the parties' briefs and oral argument on May 12, 1997, the court is prepared to rule. For the reasons set forth below, and in accordance with the court's oral ruling on May 12, defendant's motion is denied.

### Factual Background

Defendant is charged in a one-count indictment for tampering with a witness. The indictment states:

On or about August 3, 1996, in the District of Kansas, the defendant, RICKY LEE MILTON, knowingly threatened and at-tempted to intimidate Clinton Seldomridge by threatening to kill him if Ricky Lee Milton's brother went to prison, with the intent to hinder, delay, and prevent the communication to law enforcement officers of information relating to the commission or possible commission of a Federal offense, namely, the arson of the Sacred Heart church in Bonner Springs, Kansas, on June 30, 1996. This is in violation of Title 18, United States Code, Section 1512(b)(3).

Defendant moves to dismiss the indictment because the arson of a church in Bonner Springs, Kansas, is not a federal offense and, therefore, the indictment is defective.

### Analysis

Defendant claims that the arson of the Sacred Heart Church in Bonner Springs, Kansas, is not a federal offense, which is a necessary element for the crime of tampering with a witness. See 18 U.S.C. § 1512(b)(3). Defendant's argument is unavailing. First, defendant has failed to establish that the arson of the Sacred Heart Church cannot be a federal offense either under 18 U.S.C. § 844(i) or § 844(h)(1). Second, the government is required to show only the "possible" commission of a federal offense to establish a violation of the federal statute prohibiting tampering with a witness.

### I. The Arson Of A Church Can Be A Federal Offense.

In the indictment, the government identified the federal offense as the arson of the Sacred Heart Church in Bonner Springs, Kansas. There are at least two statutory provisions that potentially prohibit the arson of a church. See 18 U.S.C. § 844(h)(1) and § 844(i). As the federal investigation is ongoing, the government has not identified yet the statutory provision, if any, it will proceed under in prosecution of the underlying offense of arson. For purposes of the charge against defendant for witness tampering, the government argues that the communication that was hindered, delayed, or prevented related to the possible commission of the federal offense of arson under either of the above statutory provisions. The court finds that

either 18 U.S.C. § 844(i) or § 844(h)(1) may prohibit the burning of a church in some circumstances.

### A. 18 U.S.C. § 844(i).

The federal arson statute provides penalties for "[w]hoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." 18 U.S.C. § 844(i). In *Russell v. United States,* 471 U.S. 858, 105 S.Ct. 2455, 85 L.Ed.2d 829 (1985), the Supreme Court stated

> [t]he legislative history [of section 844(i)] indicates that Congress intended to exercise Its full power to protect "business property." Moreover, after considering whether the bill as originally introduced would cover bombings of police stations or churches, the bill was revised to eliminate the words "for business purposes" from the description of covered property.

*Id.* at 860–61, 105 S.Ct. at 2456–57. Thus, a church clearly was intended to be covered by the terms of section 844(i). *See United States v. Patterson,* 792 F.2d 531, 535 (5th Cir.) *cert. denied,* 479 U.S. 865, 107 S.Ct. 220, 93 L.Ed.2d 149 (1986) (arson statute may cover some churches)

■ Defendant, relying on *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), apparently argues that the arson of a church in Bonner Springs, Kansas, can never constitute a federal offense. Numerous courts, after the Supreme Court's decision in *Lopez,* have found that buildings which receive either utilities, food, or other supplies from out of state are covered by the federal arson statute. *See, e.g., United States v. Hicks,* 106 F.3d 187, 189 (7th Cir.1997) (restaurant had fire insurance written by two out of state companies, obtained natural gas from out of state, and

received food from out of state); *United States v. Utter,* 97 F.3d 509, 516 (11th Cir. 1996) (restaurant offered to serve interstate travelers and obtained food and natural gas which originated out of state); *United States v. McMasters,* 90 F.3d 1394, 1398 (8th Cir. 1996) (residence was rented and received some utilities from out of state), *cert. denied,* —— U.S. ——, 117 S.Ct. 783, 136 L.Ed.2d 726 (1997); *United States v. DiSanto,* 86 F.3d 1238 (1st Cir.1996) (restaurant was rented, supplied with natural gas which traveled in interstate commerce, and received food supplies which traveled in interstate commerce), *cert. denied,* —— U.S. ——, 117 S.Ct. 1109, 137 L.Ed.2d 310 (1997); *United States v. Sherlin,* 67 F.3d 1208, 1213 (6th Cir.1995) (college dormitory covered because college advertised out of state, had out of state students, and purchased numerous supplies from out of state), *cert. denied,* —— U.S. ——, 116 S.Ct. 795, 133 L.Ed.2d 744 (1996). *But cf. United States v. Corona,* 108 F.3d 565, 570 (5th Cir.1997) (questioning whether single factor of obtaining natural gas service from out of state for use in a single residential household satisfies constitutional requirement) Unlike the statute at issue in *Lopez,* section 844(i) requires a specific finding of a nexus to interstate commerce as an element of the crime charged. Based on the authorities cited above, at least some, if not most, churches would satisfy this nexus requirement. Churches generally receive various supplies from out of state, as well as transfer funds across state lines. The court finds that the burning of a church can constitute the possible commission of a federal offense pursuant to 18 U.S.C. § 844(i).

Defendant contends, without any evidentiary support, that the church in the instant action is not involved in and is not used in any activity affecting interstate commerce. The court need not decide whether there are sufficient facts to connect this particular church to interstate commerce.[1] As ex-

---

1. Even if the connection between this particular church and interstate commerce is relevant, the court notes that the evidence outlined by the government likely would be sufficient to submit the issue to the jury. The Sacred Heart Church is a Roman Catholic church. The church obtains its missals from an organization in Oregon and its communion hosts from an organization in Missouri. The church takes up collections and ultimately transmits funds to various charitable organizations with programs throughout the United States and the world. Defendant has

plained in part II, the relevant issue is whether the burning of a church can constitute the possible commission of a federal offense.

### B. *18 U.S.C. § 844(h)(1).*

■ The burning of a church also may constitute the possible commission of the federal offense of arson under 18 U.S.C. § 844(h)(1). Section 844(h)(1) prohibits persons from using fire to commit any felony which may be prosecuted in the courts of the United States. One of the areas of the government's investigation in this case was whether there was a federal civil rights violation under 18 U.S.C. § 241. Section 241 provides that it is unlawful to "conspire to injure, oppress, threaten, or intimidate any person ... in the exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same...." Of course, the free exercise of religion is one of the rights secured by the United States Constitution. *See, e.g., United States v. Ballard,* 322 U.S. 78, 86, 64 S.Ct. 882, 886, 88 L.Ed. 1148 (1944). The burning of a church also could constitute a violation of 18 U.S.C. § 247, which prohibits the damage or destruction of any religious real property where the offense is in or affects interstate or foreign commerce. Both sections 241 and 247 could be sufficient underlying offenses to support a conviction for arson of a church under 18 U.S.C. § 844(h)(1).

### II. Possible Commission Of A Federal Offense Is Sufficient To Invoke The Federal Statutory Provision Against Tampering.

■ Defendant is charged with violating 18 U.S.C. § 1512(b)(3), which provides:

Whoever knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—... hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense ... shall be fined under this title or imprisoned not more than ten years, or both.

The statute applies to the "possible" commission of a federal offense, which may include the burning of a church. *See supra* part I. The government argues, therefore, that whether the arson of a particular church is later found to actually be a federal offense is irrelevant. The court agrees.

■ For potential witnesses to enjoy the protections under section 1512, the government does not have to prove, or make any preliminary showing, that the particular church involved is sufficiently connected to interstate commerce. Indeed, section 1512 affords protections to potential witnesses even if there is no ongoing investigation and no intent to investigate. *See United States v. Romero,* 54 F.3d 56, 62 (2d Cir.1995) (citing *United States v. Grey Bear,* 828 F.2d 1286, 1295 (8th Cir.1987)), *cert. denied,* —— U.S. ——, 116 S.Ct. 1449, 134 L.Ed.2d 568 (1996). Contrary to defendant's argument, the government does not have to establish a reasonable basis for a federal investigation before invoking section 1512. The government must prove only that the communication affected related to the possible commission of a federal offense. Here, the jury will determine whether the communication affected related to the possible commission of the federal crime of arson under section 844(i) or section 844(h)(1).

Practical concerns also favor this court's interpretation of section 1512. The protections under section 1512 may be necessary for the government to find witnesses with knowledge of the nexus between a particular building and interstate commerce. The nexus requirement under section 844(i) is an element of the crime charged and thus part of the government's case to be presented at trial. Under defendant's theory, witnesses with information regarding a particular building's connection to interstate commerce would be unprotected under section 1512 unless and until law enforcement officers have talked with those witnesses. If a defendant successfully hindered such witnesses from

offered no evidence to rebut the government's

contentions.

communicating with law enforcement officers, then no nexus to interstate commerce could be established and, therefore, no charge could be brought under section 1512. A witness with information regarding a church's connection to interstate commerce should enjoy the same protections as any other witness under section 1512.

Defendant, in effect, argues that the government must actually prove the elements of a federal offense before one can be charged for tampering under section 1512. The logical extension of defendant's argument is that someone actually must be convicted of a federal offense (i.e., a jury has found that all of the elements of a, federal offense are met) before an individual can be charged and convicted under section 1512. Such a result is contrary to the statute. See 18 U.S.C. § 1512(e)(1) ("an official proceeding need not be pending or about to be instituted at the time of the offense"); *United States v. Gonzalez,* 922 F.2d 1044, 1055 (2d Cir.), *cert. denied,* 502 U.S. 1014, 112 S.Ct. 660, 116 L.Ed.2d 751 (1991) (an official proceeding does not even need to be pending "in order for a defendant to be subject to prosecution for witness tampering"). In addition, such a result is nonsensical because it awards those individuals who succeed in obstructing justice to such a degree that the jury does not convict or the government does not even pursue the case. Whether or not all the elements of the underlying offense of arson are met is irrelevant to the question of whether the communication affected by the defendant related to the possible commission of a federal offense.

■ For all of the above reasons, the court finds that the arson of the Sacred Heart Church in Bonner Springs, Kansas, can constitute a federal offense either under 18 U.S.C. § 844(i) or § 844(h)(1). The court also finds that the protections of section 1512 for witnesses, victims, and informants, are available even if the government cannot ultimately establish a nexus between a particular building and interstate commerce as required by 18 U.S.C. § 844(i).

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. # 16) is denied.