# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2546

_____

United States of America,        *
        *
           Appellee,       *
        *    Appeal from the United States
    v.                 *    District Court for the
        *    District of Minnesota.
Harvey Andrew Rea,        *
        *
           Appellant.      *

_____

Submitted:  December 18, 1998
Filed:  February 23, 1999

_____

Before MURPHY,  JOHN R. GIBSON, and MAGILL, Circuit Judges.

_____

MAGILL, Circuit Judge.

Harvey Rea (Rea or Harvey) entered a conditional guilty plea to one count of conspiracy to commit arson in violation of 18 U.S.C. §§ 371, 844(i).  The district court sentenced Rea to twenty-four months imprisonment and ordered him to pay restitution in the amount $45,000.  Rea contends that his conduct does not satisfy the jurisdictional requirement of the arson statute, 18 U.S.C. § 844(i), and that his conviction must be vacated.  Rea also argues that the district court erred in ordering restitution under the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A. We affirm Rea's conviction, but remand for reconsideration of the restitution order.

# I.

On July 12, 1997, Harvey Rea and Jeremy Rea (Jeremy) were visiting their father's residence, which is adjacent to the St. James A.M.E. Church (Church) in Minneapolis, Minnesota. Jeremy broke into the basement of the Church annex, a building used by the Church for education and other activities, and removed a computer.

Worried that they might get caught if evidence of the crime were left inside the Church annex, Harvey directed Jeremy to clean up his fingerprints and to set fire to the Church annex to destroy any other evidence. Jeremy ignited a fire in the basement of the Church annex. When the fire started to burn out of control, Harvey called 911 and reported the fire. The brothers later admitted to their involvement in the crime.

Harvey and Jeremy were charged in a two-count indictment for conspiracy to commit arson in violation of 18 U.S.C. §§ 371, 844(i) and aiding and abetting in the commission of arson in violation of 18 U.S.C. §§ 2, 844(i). After Jeremy agreed to cooperate with the government and pleaded guilty to being an accessory after the fact in arson, Harvey conditionally pleaded guilty to the conspiracy count of the indictment. Harvey reserved the right to appeal the district court's denial of his motions to dismiss the indictment for lack of subject matter jurisdiction or, in the alternative, to enter a judgment of acquittal.

The district court accepted the plea agreement and sentenced Harvey to twenty-four months imprisonment followed by thirty-six months supervised release. The court also ordered Harvey to pay restitution, jointly and severally with Jeremy, in the amount of $45,000.

## II.

Rea was convicted under 18 U.S.C. § 371 for conspiracy to commit arson, a violation of 18 U.S.C. § 844(i). Rea argues that the district court lacked jurisdiction to enter a judgment of conviction because the Church annex was not "used in interstate . . . commerce or in any activity affecting interstate . . . commerce." 18 U.S.C. § 844(i).[1] Relying on United States v. Lopez, 514 U.S. 549 (1995), Rea also suggests that the government must establish that the building burned had a substantial affect on interstate commerce to satisfy section 844(i)'s jurisdictional element. We disagree with both contentions.

First, we point out that section 844(i)'s "interstate commerce" requirement, while jurisdictional in nature, is merely an element of the offense, not a prerequisite to subject matter jurisdiction. See United States v. Ryan, 41 F.3d 361, 363 (8th Cir. 1994) (en banc). Accordingly, the district court had subject matter jurisdiction to enter the judgment of conviction.

Second, this Court has explained that Lopez is inapposite to convictions secured pursuant to section 844(i) and does not raise the government's evidentiary burden on the jurisdictional element of the offense. See United States v. Melina, 101

_____

[1]Section 844(i) provides:
> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both . . . .

18 U.S.C. § 844(i).

-3-

F.3d 567, 573 (8th Cir. 1996) ("we do not find <u>Lopez's</u> analysis applicable due to the § 844(i)'s express jurisdictional element"); <u>United States v. Flaherty</u>, 76 F.3d 967, 973-74 (8th Cir. 1996) ("The <u>Lopez</u> decision did not address the amount of evidence required to prove an explicit jurisdictional element of an offense and does not control this case."); <u>see also</u> <u>United States v. Tocco</u>, 135 F.3d 116, 123-24 (6th Cir. 1998) ("We hold that in light of the fact that, unlike the statute in <u>Lopez</u>, § 844(i) does contain a jurisdictional element, <u>Lopez</u> did not elevate the government's burden in establishing jurisdiction in a federal arson prosecution."); <u>United States v. Hicks</u>, 106 F.3d 187, 190 (7th Cir. 1997) ("The regulated activity must have a substantial effect, but this requirement is a condition of the statute's constitutionality . . . rather than an element of the crime . . . ."). Accordingly, we construe Rea's argument as being that the facts to which he pleaded guilty are not sufficient to demonstrate that the Church annex was used in interstate commerce or in any activity affecting interstate commerce.

We review application of facts to the legal interpretation of section 844(i) <u>de novo</u>. <u>See</u> <u>United States v. Brummels</u>, 15 F.3d 769, 771 (8th Cir. 1994). When analyzing a conviction under section 844(i), we must determine whether the evidence is sufficient to demonstrate that the burned property--here, the Church annex--was "'used' in an 'activity' that <u>affects</u> commerce." <u>Russell v. United States</u>, 471 U.S. 858, 862 (1985) (emphasis added).

"In enacting section 844(i), Congress intended to exercise its full power under the Commerce Clause of the Constitution," <u>Ryan</u>, 41 F.3d at 364, and intended for the statute to cover the destruction of church property. <u>See</u> <u>Russell</u>, 471 U.S. at 860-61 & n.7. Although section 844(i)'s scope is not unlimited, <u>see</u> <u>United States v. Voss</u>, 787 F.2d 393, 397 (8th Cir. 1986) (mere fact that vacant residential building is insured by an interstate insurer not sufficient to satisfy section 844(i)'s jurisdictional requirement); <u>see also</u> <u>Russell</u>, 471 U.S. at 861-62 (acknowledging Representative Celler's statements that the statute would not cover the bombing of private homes),

this Court has held that "section 844(i) reaches arson of any property having even a de minimis connection to interstate commerce." Ryan, 41 F.3d at 364. This standard is easily satisfied. See Voss, 787 F.2d at 397.

We conclude that the Church annex had a sufficient connection with interstate commerce to sustain Rea's conviction. The Church annex was used by the congregation as a schoolhouse and for other activities. The fire destroyed the music teaching area, including an organ, piano, curriculum materials, and literature. See Presentence Investigation Report at 2, ¶ 12. The parties stipulate that some of the texts used in conjunction with Sunday School, taught in the annex, were purchased from a source outside the State of Minnesota four times each year. Furthermore, the annex received natural gas from a source outside the State of Minnesota. We conclude that the Church school's use of materials purchased in interstate commerce, coupled with its use of natural gas from an out-of-state source, satisfy the jurisdictional element of section 844(i). See Hicks, 106 F.3d at 189-90 (supply of gas to private homes is a major interstate activity); United States v. Ramey, 24 F.3d 602, 607 (4th Cir. 1994), cert. denied, 514 U.S. 1103 (1995) (trailer's receipt of interstate utilities sufficient to satisfy 844(i)'s jurisdictional requirement); see also United States v. Milton, 966 F. Supp. 1038, 1041 (D. Kan. 1997) (recognizing that churches satisfy the jurisdictional requirement of 844(i)). Congress clearly intended for the statute to cover the destruction of church property, and this is not a case where the de minimis standard, which guards the federal-state balance, would be starved of content if sustained by these facts. See Voss, 787 F.2d at 397. We, therefore, affirm the conviction below.[2]

---

[2]We reject Rea's argument that the Establishment Clause of the First Amendment prohibits application of the federal arson statute to church property. To pass muster under the Establishment Clause, a statute must (1) have a secular legislative purpose, (2) neither promote nor inhibit religion, and (3) avoid excessive governmental entanglement with religion. See Committee for Pub. Educ. & Religious Liberty v. Nyquist, 413 U.S. 756, 773 (1975). We conclude that section 844(i)

**III.**

Rea next contends that the district court erred in imposing restitution under the MVRA because he is indigent. We conclude that the district court properly imposed restitution for the full amount of damage caused to the Church annex, but remand for reconsideration of the payment schedule portion of the sentencing order.

The MVRA requires a defendant to make restitution to a victim of an offense against property. See 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii). The restitution order procedures statute requires the court to order restitution for the full amount of the victim's loss, without regard to the defendant's economic circumstances. See 18 U.S.C. § 3664(f)(1)(A). The district court properly followed the mandate of section 3664(f)(1)(A) in ordering restitution for the full amount of the loss attributable to Rea's conduct. Rea's argument to the contrary is without merit.

The court also ordered Rea to pay restitution in the amount of $750 per month for five years, beginning thirty days after judgment. We review a district court's restitution order for abuse of discretion. See United States v. Riebold, 135 F.3d 1226, 1231 (8th Cir. 1998).

When fashioning a restitution payment schedule, a court is required to consider the defendant's financial resources and other assets, projected earnings and other income, and financial obligations, including obligations to dependents. See 18 U.S.C. § 3664(f)(2). The presentence investigation revealed that Rea is married with three children. He is a high school graduate with no special skills or training. Rea is unemployed and earned $400 each month in his most recent job. Rea has no debts and no assets, except for $100 in personal property. Despite adopting these findings of fact, the district court ordered Rea to pay $750 each month in restitution, beginning

satisfies all of the concerns identified in Nyquist.

during his incarceration.[3]  We cannot discern any indication that the district court considered the factors outlined in section 3664(f)(2) when fashioning the payment order, cf. Chicago Truck Drivers, Helpers & Warehouse Workers Union Pension Fund v. Brotherhood Labor Leasing, -- F.3d --, No. 98-2004, 1999 WL 42247, at *1 (8th Cir. Feb. 1, 1999) (stating that it is difficult for a court of appeals to determine whether a district court abused its discretion in the absence of some explanation, even a brief one, of the district court's reasoning), and remand for reconsideration of the payment order in light of the statutory considerations.

## IV.

The judgment of conviction entered below is affirmed.  We reverse and remand the sentencing order with instructions to reimpose the restitution payment schedule in consideration of the factors outlined in section 3664(f)(2).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]We note that the court ordered Rea jointly and severally liable for restitution with his brother, Jeremy.  There is no indication in the record concerning Jeremy's ability to fulfill the restitution obligation.