UNITED STATES of America, Plaintiff,

v.

**Verreta JOHANNSEN, Defendants.**

**No. CRIM. 98–234.**

United States District Court,
S.D. Iowa.

March 1, 1999.

Thomas R. Eller, Denison, IA, for Defendants.

Andrew H. Kahl, Asst. U.S. Atty., Des Moines, IA, for Plaintiff.

## ORDER

PRATT, District Judge.

The Court has before it Government's Sentencing Memorandum dated February 26, 1999 which requests that as a part of Defendant's sentencing, and pursuant to the Mandatory Victims Restitution Act of 1996 (hereinafter MVRA), Defendant be assessed restitution in the amount of $47,771.84 which includes principal amount still due and owing, plus interest on monies the victim, Shelby County State Bank, incurred.

On December 10, 1998 Defendant entered a plea of guilty to count one of a twelve count indictment.[1] Count one charged that Defendant committed bank fraud from on or about June 11, 1987 until on or about July 3, 1998 in violation of 18 U.S.C. § 1344. As a result of her guilty plea, the Court ordered the United States Probation Office to prepare a Presentence Investigation Report (hereinafter PSIR). According to the PSIR, the Probation Office determined that Defendant still owes $7,527.68[2] on the principal amount misappropriated. Additionally, the Probation Office determined that due to the Defendant's actions, Shelby County State Bank, was forced to pay out $40,244.16[3] in interest to its depositors. Although the calculated interest was included in the Victim Impact Statement portion of the PSIR, the Probation Officer did not include this amount in her recommendations regarding restitution. Rather, the Probation Office left this issue to be determined by the Court. It is the gov-

---

1. The remaining counts were dismissed at sentencing.

2. *See* PSIR ¶ 83.

3. *See* PSIR ¶ 22.

ernment's contention that pursuant to the MVRA, the Court is required to include interest as a part of its restitution order. *See United States v. Dean,* 949 F.Supp. 782, 784 (D.Or.1996), *aff'd,* 146 F.3d 1141, *cert. denied,* —— U.S. ——, 119 S.Ct. 430, 142 L.Ed.2d 350 (1998) (the MVRA requires the court to impose " 'full' restitution, plus interest, for certain offenses").

On April 24, 1996 the MVRA went into effect. The government contends and the Court agrees, that the MVRA differs significantly from its predecessor, the Victim Witness Protection Act (hereinafter VWPA), 18 U.S.C. § 3663, in that unlike the VWPA, the MVRA requires courts to order restitution.[4] The MVRA provides in pertinent part that the Court shall order mandatory restitution for victims of specific crimes including "any offense committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii).[5] While the specific issue of whether mandating interest as a part of the overall award of restitution is required pursuant to MVRA has not been addressed by this Circuit, the Court believes such a finding is consistent with other Eighth Circuit opinions interpretating the MVRA. *See United States v. Williams,* 128 F.3d 1239, 1241 (8th Cir.1997) ("Before the MVRA became effective, the Victim Witness Protection Act (VWPA) authorized but did not compel district courts to order restitution ... the MVRA makes restitution mandatory for certain crimes ... committed by fraud."); *See also United States v. Rea,* 169 F.3d 1111, 1114 (8th Cir.1999) (which found that the MVRA requires a defendant to make restitution for the "full amount" of a victim's loss.) [6]

Upon review of the government's brief, the PSIR, and both the VWPA and the MVRA, the Court finds that it is required to include in its restitution order the interest that Shelby County State Bank paid out to its customers, as a result of Defendant's actions. *See*

*e.g. Dean,* 949 F.Supp. at 784. Further, the Court finds that the total amount of restitution due in this matter is $47,771.84, which includes the principal plus interest. This amount is based on the determinations made by the Probation Office in the PSIR.

Therefore, the Court Orders the Defendant to pay $47,771.84 in restitution.

**IT IS SO ORDERED.**

fendant's criminal activities spanned eleven years, starting in 1987 and concluding in 1998.

---

4. The Court notes that in relation to restitution payments the VWPA states that the Court "may" require payment of restitution (suggesting discretion), whereas the MVRA states the Court "shall" order payment of restitution.

5. MVRA is applicable, as Defendant's conduct extended beyond the MVRA's implementation date. *See United States v. Williams,* 128 F.3d 1239, 1241 (8th Cir.1997). As stated above, De-

6. The Court acknowledges that the *Rea* case did not deal with interest amounts specifically, as it entailed restitution for damage as a result of arson, however, the Court reads the Eight Circuit's use of the term "full amount" to be inclusive of interest.