# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No.  99-1462

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Dang Hai Lee, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |
| | * | |
| | * | |

_____

Submitted: November 2, 1999
Filed: November 12, 1999

_____

Before BOWMAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Dang Hai Le pled guilty to aiding and abetting bank fraud in violation of 18 U.S.C. §§ 2 and 1344.  As part of his plea agreement, Le conceded his joint and several liability with a co-defendant for $55,293.55 owed in restitution to the bank.  The district court[1] sentenced Le to 12 months imprisonment and 5 years of supervised release and ordered him to pay restitution in installments scheduled by the probation

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

department as a condition of his supervised release. On appeal he objects to the restitution order and the court's denial of his motion for a minor role reduction.

Le argues that the district court erred by requiring him to make more than nominal restitution payments and by allowing the probation department to schedule those payments. Le asserts that his dependents and his lack of education prevent him from making more than nominal periodic restitution payments. We review the district court's determination of a defendant's ability to pay restitution for abuse of discretion. United States v. Rea, 169 F.3d 1111, 1114 (8th Cir. 1999), petition for cert. filed, — U.S.L.W. — (U.S. July 14, 1999) (No. 99-6136). After considering Le's age and work history we conclude that the district court did not abuse its discretion in finding Le capable of paying restitution. Le further argues that the district court erred in permitting the probation department to schedule his restitution payments. Because Le failed to raise this argument before the district court, we review for plain error. United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993). Le cites no precedent from this circuit establishing that at the time of his sentence it was error to delegate to the probation department the authority to establish a restitution payment schedule and we are aware of none. Accordingly, we conclude that the district court did not plainly err.

Le asserts that the district court erred by denying his motion for a minor role reduction and by refusing to take notice of his co-defendant's presentence report, which he asserts contained information supporting his motion. A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group," and a minor participant is one who is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 application notes 1,3. The district court found that Le had participated in opening the account at the bank; that Le obtained a PIN number allowing access to the bank account; and that Le made fraudulent deposits to and withdrawals from the bank account, among other things. It concluded that Le was at least as culpable as the other participants in the fraud and so denied Le's motion for a minor role reduction. We find that the district

court did not err in so ruling.  We further find that, in light of the facts found by the district court and  Le's concession before the district court that he did not know if any information relevant to the motion was contained in his co-defendant's presentence report, the district court did not err in declining to take judicial notice of that report.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS,  EIGHTH CIRCUIT.