# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2546

_____

United States of America,          *
                                    *
        Appellee,                   *
                                    *   Appeal from the United States
    v.                              *   District Court for the
                                    *   District of Minnesota.
Harvey Andrew Rea,                  *
                                    *
        Appellant.                  *

_____

Submitted:  May 30, 2000
Filed:  August 11, 2000

_____

Before MURPHY,  JOHN R. GIBSON, and MAGILL, Circuit Judges.

_____

MAGILL, Circuit Judge.

This case arises out of an arson committed, in part, by Harvey Rea (Harvey). Following his capture by authorities, Harvey pleaded guilty to conspiracy to commit arson in violation of 18 U.S.C. §§ 371, 844(i).  In United States v. Rea, 169 F.3d 1111 (8th Cir. 1999) (Rea I), we rejected Harvey's claim that his conduct did not satisfy the jurisdictional requirement of the arson statute, 18 U.S.C. § 844(i), and affirmed his conviction.  Subsequently, Harvey's petition for writ of certiorari was granted by the Supreme Court and our decision in Rea I was vacated and the case remanded from the Supreme Court in light of its decision in Jones v. United States, 120 S. Ct. 1904 (2000). See Rea v. United States, 120 S. Ct. 2193 (2000).  On remand, we reverse Harvey's

conviction and remand to the district court for further proceedings consistent with this opinion.

## I. BACKGROUND

On July 12, 1997, Harvey and Jeremy Rea (Jeremy) broke into the basement of the St. James A.M.E. Church (Church) annex, a building used by the Church for education and other activities, and stole a computer. In an attempt to destroy evidence of the crime, Jeremy ignited a fire in the basement of the Church annex. The fire destroyed the music teaching area, including an organ, piano, curriculum materials, and literature.

Harvey and Jeremy were charged in a two-count indictment with conspiracy to commit arson in violation of 18 U.S.C. §§ 371, 844(i) and aiding and abetting in the commission of arson in violation of 18 U.S.C. §§ 2, 844(i). After Jeremy agreed to cooperate with the government and pleaded guilty to being an accessory after the fact in the arson, Harvey conditionally pleaded guilty to the conspiracy count of the indictment, reserving the right to appeal the district court's denial of his motions to dismiss the indictment for lack of subject matter jurisdiction or, in the alternative, to enter a judgment of acquittal.

## II. ANALYSIS

In order for federal courts to have jurisdiction over arson offenses, the following requirements of § 844(i) must be met:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be

imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both . . . ."

In Rea I, we said that "[i]n enacting section 844(i), Congress intended to exercise its full power under the Commerce Clause of the Constitution." 169 F.3d at 1113 (quoting United States v. Ryan, 41 F.3d 361, 364 (8th Cir. 1994) (en banc)). We, therefore, found that "section 844(i) reaches arson of any property having even a de minimis connection to interstate commerce." Rea, 169 F.3d at 1113 (quoting Ryan, 41 F.3d at 364). Applying the de minimis standard to the facts of the case in Rea I, we found that the "Church school's use of materials purchased in interstate commerce, coupled with its use of natural gas from an out-of-state source, satisfy the jurisdictional element of section 844(i)." 169 F.3d at 1113.

The Supreme Court's decision in Jones has substantially changed the law of the Eighth Circuit regarding the reach of § 844(i). Contrary to Eighth Circuit precedent, in Jones the Supreme Court held that in enacting § 844(i), Congress did not intend to exercise its full power under the Commerce Clause of the Constitution. See Jones, 120 S. Ct. at 1909. The Court noted that § 844(i) contains the qualifying words "used in" a commerce-affecting activity, which it interpreted as qualifying the term "affecting . . . commerce." Id. Under the new standard, to meet the requirements of § 844(i), the building must have been used in commerce or in an activity affecting commerce. See id. at 1910. The proper inquiry involves a two-step test involving an inquiry into the function of the building itself, and then a determination of whether that function affects interstate commerce. See id. While the destruction of a building might affect interstate commerce, the building itself must have been used in commerce or in an activity affecting commerce to meet the requirements of § 844(i). See id. at 1909-10.

Clearly, our reliance in Rea I on the Church's use of materials purchased in interstate commerce and its use of natural gas from an out of state source is an insufficient basis for a finding that the Church annex was "used in" a commerce

affecting activity under § 844(i). See id. at 1910. Also insufficient to meet the requirements of § 844(i) is the fact that the property in question is church property. In Rea I, we noted that the legislative history of § 844(i) indicates that Congress intended for § 844(i) to cover the destruction of church property. See Rea, 169 F.3d at 1113. However, there are several reasons why § 844(i) cannot be construed as encompassing the destruction of all church property regardless of its degree of connection to interstate commerce. In Russell v. United States, 471 U.S. 858 (1985), the Supreme Court acknowledged that the legislative history of § 844(i) indicated an intent to include churches within the statute, see id. at 860-61, but noted that "[b]y its terms . . . the statute only applies to property that it 'used' in an 'activity' that affects commerce." Id. at 862. The requirement that *all* buildings must be "used in" commerce in order to meet the requirements of § 844(i) was affirmed by the Court in Jones. See Jones, 120 S. Ct. at 1920. Moreover, a contrary holding would violate the principle that courts are to adopt constructions of statutes that avoid grave and doubtful constitutional questions, see id. at 1911, and the principle that ambiguity concerning the ambit of a criminal statute should be resolved in favor of the narrower interpretation of the statute, see id. at 1912; see also Brian Slocum, RICO and the Legislative Supremacy Approach to Federal Criminal Lawmaking, 31 Loy. U. Chi. L.J. 639, 662-81 (2000) (explaining the rule of lenity).

While § 844(i) does not exclude any particular type of building, see Jones, 120 S. Ct. at 1910, in order to fall within the ambit of § 844(i), the Church annex must be a building that has an "active employment for commercial purposes, and not merely a passive, passing, or past connection to commerce." Id. However, because of insufficient fact finding at the district court level on the issue of the Church annex's commercial connection, we are unable to determine from the record whether the Church annex meets the requirements mandated by Jones. Therefore, it is necessary to remand this case to the district court for a determination of whether the Church annex was used in commerce or in an activity affecting commerce under § 844(i).

### III.  CONCLUSION

In sum, for the reasons explained above, we reverse Harvey Rea's conviction and remand the case to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.