# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2146

_____

United States of America,      *
     *
     Appellee,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    Northern District of Iowa.
Kevin William Beck,      *
     *
     Appellant.      *

_____

Submitted: April 10, 2001

Filed: May 18, 2001

_____

Before WOLLMAN, Chief Judge, MURPHY, Circuit Judge, and CARMAN,[1] Chief Judge.

_____

WOLLMAN, Chief Judge.

Kevin William Beck appeals the conviction and sentence entered by the district court[2] following his guilty plea to arson in violation of 18 U.S.C. § 844(i). We affirm.

---

[1]The Honorable Gregory W. Carman, Chief Judge, United States Court of International Trade, sitting by designation.

[2]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

**I.**

On May 13, 1999, Beck entered St. Paul's Lutheran Church in Fort Dodge, Iowa, through an attached school and set fire to the building. Beck was arrested and charged with one count of arson. On January 20, 2000, the district court accepted Beck's guilty plea, and on April 25, 2000, noting that the arson conviction was Beck's fourth, sentenced him to the statutory maximum imprisonment of 240 months, to run consecutively with three one-year sentences previously imposed in Iowa state court for unrelated crimes, followed by three years of supervised release. In addition, the court ordered Beck to pay more than two million dollars in restitution and imposed a $100 special assessment. Although the court noted that Beck was financially unable to pay restitution, it indicated that any money that he earned from prison employment should be applied toward that amount. Beck was represented by the Federal Public Defender's Office at all stages of the proceedings.

Before accepting Beck's plea, the district court inquired whether Beck admitted each of the elements of section 844(i). The court asked whether he agreed "that the St. Paul's Lutheran Church in Fort Dodge, Iowa, was a building and activity which affected and was used in interstate commerce." Beck answered "Yes." The record reflects that St. Paul's Church has 1400 members, that it has 160 students in its school, that the church is affiliated with the St. Louis Synod of the Lutheran church and is a part of the national organization of the Lutheran Church, that money collected in the church goes to national and international ministries, and that funds from churches in other states are likewise used to support St. Paul's.

On August 11, 2000, Beck's counsel filed an <u>Anders</u> brief attacking Beck's sentence and alleging, at Beck's request, the ineffective assistance of counsel.[3] On

---

[3]In light of Beck's desire to raise an ineffective assistance claim, the Federal Public Defender filed a motion to withdraw, which we denied.

May 22, 2000, the Supreme Court issued its decision in <u>Jones v. United States</u>, 529 U.S. 848, holding that the interstate commerce element of section 844(i) is narrower in scope than our previous cases had suggested. On August 11, 2000, a panel of this court remanded another church arson case for consideration of whether the interstate commerce element as described in <u>Jones</u> was satisfied. <u>United States v. Rea</u>, 223 F.3d 741 (8th Cir. 2000), <u>conviction reinstated on remand</u>, No. Crim. 97-235, 2001 WL 407238 (D. Minn. April 18, 2001). Beck's counsel filed a supplemental brief on September 25, 2000, arguing that, in light of <u>Jones</u> and <u>Rea</u>, Beck's conduct was insufficient to constitute a crime under section 844(i).

## II.

Section 844(i) criminalizes the arson of a building "used in . . . any activity . . . affecting . . . [interstate] commerce." <u>United States v. Ryan</u>, 227 F.3d 1058, 1061 (8th Cir. 2000). The Court's <u>Jones</u> decision "substantially changed the law of the Eighth Circuit regarding the reach of § 844(i)." <u>Rea</u>, 223 F.3d at 743. Prior to <u>Jones</u>, we had held that the requirement that the building in question be used in an activity affecting interstate commerce was satisfied by a passive connection to interstate commerce. <u>Ryan</u>, 227 F.3d at 1062 (previous cases found requisite nexus to commerce in buildings that received and used natural gas from an out-of-state source). Under the more restrictive approach required by <u>Jones</u>, the building must be actively employed in interstate commerce in order to be within the scope of section 844(i). <u>Ryan</u>, 227 F.3d at 1062.

Beck argues that his conduct "did not satisfy the jurisdictional requirement" of section 844(i). He asserts that whether the interstate commerce element of the statute was satisfied is a question of law that we should review <u>de novo</u>. We disagree, for the qualifying words "used in," as used in section 844(i), constitute a limitation on the reach of the federal arson statute rather than the expression of "Congress' intent to invoke its full authority under the Commerce Clause." <u>Jones</u>, 529 U.S. at 854. "[T]he

-3-

nexus with interstate commerce, which courts frequently call the 'jurisdictional element,' is simply one of the essential elements of § 844(i). . . . It is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, i.e., a court's constitutional or statutory power to adjudicate a case." United States v. Martin, 147 F.3d 529, 531-32 (7th Cir. 1998) (citations omitted); see United States v. Rea, 169 F.3d 1111, 1113 (8th Cir. 1999), vacated and remanded on other grounds, 223 F.3d 741 (8th Cir. 2000) ("section 844(i)'s 'interstate commerce' requirement, while jurisdictional in nature, is merely an element of the offense, not a prerequisite to subject matter jurisdiction"); see also United States v. Harris, 221 F.3d 1048, 1050 n.2 (8th Cir. 2000) (declining to consider whether a church satisfied interstate commerce element of arson charge because Jones did not "cast aspersions upon the constitutional application of § 844(i) to places of worship").

Unlike the defendant in Rea, Beck's guilty plea was not a conditional one, and he did not reserve any right of appeal. Compare 223 F.3d at 743 (remanding for consideration in light of Jones when defendant pled guilty to arson of a church but reserved right to appeal district court's denial of motion to dismiss for lack of subject matter jurisdiction or enter a judgment of acquittal). Because Beck did not challenge the interstate commerce element before the district court, we will reverse the district court only if we conclude that the entry of judgment was plain error. See United States v. Fountain, 83 F.3d 946, 949 (8th Cir. 1996) (an error not argued to the district court is grounds for reversal only if the error "prejudices the substantial rights of the defendant and would result in a miscarriage of justice if left uncorrected"). Plain error review is extremely narrow and is limited to those errors which are so obvious or otherwise flawed as to seriously undermine the fairness, integrity, or public reputation of judicial proceedings. Id.; Greaser v. Missouri, 145 F.3d 979, 984 (8th Cir. 1998).

Beck contends that there was an insufficient factual basis for the interstate commerce element to sustain his guilty plea. At oral argument, he added the contention that his plea was not knowing and intelligent because he had admitted the elements of

-4-

the statute as set forth in this court's pre-Jones cases, rather than the elements as the Supreme Court subsequently defined them. Neither contention supports a finding of plain error.

By pleading guilty, Beck waived his right to appeal the district court's finding that the interstate commerce element was satisfied. "The general rule is that a valid guilty plea waives all non-jurisdictional defects. Stated differently, a valid guilty plea forecloses an attack on a conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'" Walker v. United States, 115 F.3d 603, 604 (8th Cir. 1997) (quoting United States v. Vaughan, 13 F.3d 1186, 1188 (8th Cir. 1994)). "[A]bsent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." Brady v. United States, 397 U.S. 742, 757 (1970) (citation omitted). We have held that a new rule of state law announced after the entry of a guilty plea does not invalidate the plea, even though it would render inadmissible the primary evidence against a defendant. Country v. Foster, 806 F.2d 182, 184 (8th Cir. 1986) (plea voluntary and intelligent despite decision of Nebraska Supreme Court six years later holding hypnotically refreshed testimony inadmissible in criminal trials, undermining state's case).

A guilty plea admits the interstate commerce element of a criminal charge. United States v. Vong, 171 F.3d 648, 654 (8th Cir. 1999) (guilty plea to robbery charge waives attack on interstate commere element); White v. United States 858 F.2d 416, 422 (8th Cir. 1988) (in pleading guilty, a defendant foregoes the possibility that subsequent events would have led to a not guilty verdict); Mack v United States, 853 F.2d 585, 586 (8th Cir. 1988) (per curiam) (guilty plea waives jurisdictional element of armed bank robbery charge). Our review of the holdings of other circuits confirms that a defendant who tenders an unconditional guilty plea to a section 844(i) indictment waives his right to appeal the district court's decision that the interstate commerce

element of the statute has been satisfied. See United States v. Grassie, 237 F.3d 1199, 1208 (10th Cir. 2001) (stipulation that church was engaging in activities affecting interstate commerce sufficient to satisfy interstate commerce element); Martin, 147 F.3d at 533 (by pleading guilty defendant waived right to claim that requisite nexus with interstate commerce was lacking); United States v. Viscome, 144 F.3d 1365, 1370 (11th Cir. 1998) (defendant's guilty plea waived appeal on all elements).

Moreover, Beck's claim that his waiver was not knowing and intelligent is unconvincing. The Supreme Court had granted certiorari in Jones two months before Beck entered his plea, Jones v. United States, 528 U.S. 1002 (1999), putting Beck on notice that the interstate commerce element was subject to clarification. Compare United States v. Johnson, No. 98-50396, 2001 WL 314606 at *2 (5th Cir. April 2, 2001) (remanding for consideration of whether guilty plea to church arson entered before certiorari was granted in Jones rested on sufficient factual basis to support interstate commerce element). Accordingly, by entering an unconditional guilty plea and specifically admitting each element of the arson statute, Beck waived his right to appeal the district court's conclusion that the interstate commerce element was satisfied. Thus, we find no plain error in the district court's acceptance of his plea.

We find Beck's other arguments to be without merit.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-