# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2137

_____

United States of America,　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　　*　District of North Dakota.
Blaine Peter Morin,　　　　　　　　　　*　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　　　　　*

_____

Submitted:　November 6, 2002

Filed:　November 26, 2002

_____

Before WOLLMAN, LAY, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Blaine Peter Morin was convicted of distributing methamphetamine. The district court[1] denied Morin's motion for judgment of acquittal and motion for a new trial and entered judgment. Morin appeals, arguing that (1) an impermissibly suggestive and unreliable procedure led to an irreparable misidentification, and (2) his conviction was not supported by substantial evidence. We affirm.

_____

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

On April 1, 2000, undercover officer Anthony Krogh was involved in a controlled drug buy in Belcourt, North Dakota. He observed an unidentified man deliver three bags of what was later determined to be methamphetamine. At trial, Krogh testified that he had seen the man for approximately seven to ten minutes from a distance of one to four feet. According to Krogh, he observed the man carefully, as he knew he would need to identify the man at a later date. [Trial Transcript at 28:1-6] Krogh noted, in addition to other physical characteristics, a tattoo on the man's left hand. In his initial reports, as well as when testifying before the grand jury, Krogh stated that the tattoo included the letters "AIM," but that "the picture [was] unidentified." At trial, Krogh described the tattoo in greater detail, testifying as to "what appeared to be like a six-pointed star or a turtle viewed from above."

On appeal, Morin contends that Krogh's testimony regarding the tattoo, as well as his in-court identification, were the products of an unduly suggestive identification procedure. Morin notes that at the time of his arrest, his left hand was photographed. Krogh testified at trial that he had seen this photograph. Morin therefore concludes that Krogh's "enhanced and detailed [trial] testimony" regarding the tattoo was based on his viewing of the photograph, and not his independent recollection.

Morin did not object to Krogh's identification testimony at trial. Thus, we review for plain error. United States v. McMurray, 34 F.3d 1405, 1411 (8th Cir. 1994). "Plain error review is extremely narrow and is limited to those errors which are so obvious or otherwise flawed as to seriously undermine the fairness, integrity, or public reputation of judicial proceedings." United States v. Beck, 250 F.3d 1163, 1166 (8th Cir. 2001). "We will reverse under plain error review only if the error prejudices the party's substantial rights and would result in a miscarriage of justice if left uncorrected." United States v. Parker, 267 F.3d 839, 844 (8th Cir. 2001), cert. denied, 122 S. Ct. 1592 (2002). After carefully considering the record, we discern no such error. Krogh, an experienced law enforcement officer, had ample opportunity to observe the physical characteristics of the individual involved in the controlled

buy, and he was confident that the individual was Morin.  See United States v. Murdock, 928 F.2d 293, 297 (8th Cir. 1991).  We also note that Krogh's identification testimony was attacked on cross-examination.  See id.  We therefore see no basis for reversing on this issue.

Morin also challenges the sufficiency of the evidence connecting him to the drug sale.  Morin's argument, however, hinges on the exclusion of Krogh's identification testimony.  Finding no plain error in the admission of this testimony, we reject Morin's sufficiency-of-the-evidence claim.  See United States v. Reed, 297 F.3d 787, 789 (2002) (standard of review).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.