# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4001

_____

United States of America,        *
          *
       Appellee,       *
          *   Appeal from the United States
    v.             *   District Court for the
          *   Southern District of Iowa.
Brian R. Shafer,        *
          *     [UNPUBLISHED]
       Appellant.      *

_____

Submitted: April 7, 2006
Filed: April 18, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Brian R. Shafer (Shafer) appeals his conviction and sentence entered by the district court[1] upon his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). His counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing Shafer's guilty plea was not knowing and voluntary because during the plea colloquy, Shafer was under the influence of prescription drugs. In a pro se supplemental brief, Shafer appears to join counsel in

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

arguing the prescription drugs compromised his ability to plead guilty voluntarily, and argues additionally (1) his trial counsel and the government conspired against him in sharing trial information, (2) prosecutorial misconduct occurred during discovery, (3) he was wrongly charged and convicted, and (4) he received ineffective assistance of counsel.

First, the attack on the voluntariness of Shafer's plea is not properly before us, because he failed to first raise the issue in the district court by seeking to withdraw his guilty plea; rather, at sentencing Shafer affirmatively represented he wished to maintain his plea. See United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (claim of involuntary guilty plea "first must be presented to the district court and [is] not cognizable on direct appeal"). Second, Shafer's guilty plea forecloses all pre-plea non-jurisdictional attacks on his conviction, including prosecutorial misconduct. See United States v. Beck, 250 F.3d 1163, 1166 (8th Cir. 2001). Third, we find nothing in the record to indicate Shafer was wrongly charged or convicted. Finally, Shafer's ineffective-assistance claim is not properly before us either, as ineffective-assistance claims generally must be raised in 28 U.S.C. § 2255 proceedings before the district court where the record can be properly developed. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

Having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm.

_____