**Ralph RAMEY, Movant,**

v.

**UNITED STATES of America,
Respondent.**

Nos. Civ.A. 2:97–0412, Cr.A. 2:92–00140–01.

United States District Court,
S.D. West Virginia,
Charleston Division.

June 22, 1998.

---

Ralph Ramey, Ashland, KY, pro se.

Rebecca A. Betts, U.S. Attorney, Charleston, WV, for U.S.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendant's amended 28 U.S.C. § 2255 petition. Ramey and his co-defendant, James "Bo" Payne, were indicted by a federal grand jury on four counts of firebombing the home of an interracial couple in Pecks Mill, West Virginia. After a six-day jury trial, Ramey was convicted of: 1) conspiracy against civil rights, 18 U.S.C. § 241; 2) violation of Fair Housing Act, 42 U.S.C. § 3631(a) and 18 U.S.C. § 2; 3) use of fire in commission of a felony, 18 U.S.C. § 844(h)(1); and 4) destruction by arson of a property in interstate commerce and in an activity affecting interstate commerce, 18 U.S.C. § 844(i). Movant was sentenced to 168 months of imprisonment (108 months on Counts I and IV; 12 months on Count II, to be served concurrently with the 108 months; and 60 months on Count III to be served consecutively); three years of supervised release; and restitution in the amount of $10,766.97. Restitution was joint and several with his co-defendant. Payments were to be made "[a]s determined by the Bureau of Prisons from earnings obtained by the Defendant from employment in Prison Industries, and as determined by the United States Probation Office while on supervised release."

## I. PROCEDURAL POSTURE

■ Previously, this action was referred to the Honorable Jerry D. Hogg, United States Magistrate, who submitted his proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Report–Recommendation on August 28, 1997. On September 11, 1997, hearing no objections, the Court entered an Order adopting the Report–Recommendation. Thereafter, on September 15, 1997 Ramey filed his objections. On appeal, the Fourth Circuit vacated the September 11, 1997 Order and remanded for *de novo* review. On February 25, 1998 Ramey filed a motion to amend his petition, which the Court granted. On May 1, 1998 Ramey filed his amended petition and memorandum of law, which raised two claims: one from his earlier petition and one new claim.

There is an apparent public policy conflict between the severe restriction of second or successive 28 U.S.C. § 2255 motions and the mandate that leave to amend shall be freely given when justice so requires. In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress severely restricted second or successive § 2255 motions, requiring a movant to receive certification from the Court of Appeals before he may file a second motion in district court. The AEDPA restriction reflects a public policy specific to habeas corpus motions: On collateral review, defendants are entitled only to a single bite at the apple. Conversely, *Federal Rule of Civil Procedure* 15(a) requires courts to grant leave to amend freely when justice so requires. Motions to amend are a common tool used by § 2255 movants to place successive motions before a Court.

Weighing the conflicting public policies, the Court follows the policy specific to § 2255 motions and most recently espoused by Congress. Accordingly, in order to avoid violating the AEDPA prohibition on successive motions, the Court considers only those claims raised in Ramey's amended petition. The practical effect is that Ramey has abandoned his ineffective assistance of counsel argument.[1]

---

1. In objections to the August 1997 Report–Recommendation, · Ramey argued ineffective assistance of counsel and jurisdictional nexus. Thus,

## II. DISCUSSION

In his amended petition, Ramey argues (1) there is an insufficient jurisdictional nexus in 18 U.S.C. § 844(i) and (2) the Court improperly delegated its authority to set restitution to the Bureau of Prisons and the Probation Office. The Court **GRANTS** in part and **DENIES** in part his motion to vacate sentence.

### A. Jurisdictional Nexus in 18 U.S.C. § 844(i)

█ Ramey's jurisdictional argument clearly lacks merit. Ramey argues the Court lacked jurisdiction to sustain his conviction under 18 U.S .C. § 844(i) because the building he was convicted of burning did not possess the required interstate commerce nexus. Ramey acknowledges this issue was resolved against him on direct appeal. *See United States v. Ramey*, 24 F.3d 602 (4th Cir.1994), *cert. denied*, 514 U.S. 1103, 115 S.Ct. 1838, 131 L.Ed.2d 757 (1995). Nevertheless, Ramey contends the Supreme Court's decision in *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) justifies a re-examination of the jurisdictional nexus.

█ As an initial matter, issues that have been litigated on direct appeal are not subject to collateral attack under 28 U.S.C. § 2255. *Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir.), *cert. denied*, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976). Although an exception exists when an intervening change in the law justifies revisiting a prior determination, *Davis v. United States*, 417 U.S. 333, 334, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), Ramey cannot bring his claim within that exception.

The Court of Appeals closely analyzed the scope of 18 U.S.C. 844(i) and what constitutes "activity that affects commerce" when it considered Ramey's direct appeal. The Court

those would have been the only claims which would have received *de novo* review by the Court.

To state a cognizable claim of ineffective assistance of counsel, the movant must present evidence of his attorney's deficient performance and of the prejudice to the movant caused by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

found that, because the victims lived in a trailer that received electricity from an interstate power grid, there was a sufficient link with interstate commerce to sustain federal jurisdiction. *Ramey* remains the controlling authority in this circuit because *Lopez* did not analyze § 844(i). The decisions of courts in other circuits are irrelevant. Indeed, the Fourth Circuit has not given any indication it would rule differently today.

Moreover, contrary to Ramey's arguments, the Supreme Court's denial of certiorari suggests the Supreme Court considered *Lopez* and concluded there was no need to disturb the Fourth Circuit's holding. The denial noted Justice Scalia's dissent which would have granted the petition and remanded to the Fourth Circuit for further consideration in light of *Lopez*. Although a denial of petition for writ of certiorari generally lacks any precedential effect, it is evident the majority of the Supreme Court did not believe *Lopez* required a different result in the instant case. Likewise, this Court concludes *Lopez* does not justify a reexamination of the interstate commerce nexus in § 844(i).

### B. Schedule of Restitution Payments

█ Although Ramey does not contend he has been prejudiced or injured in any way by the delegation, he contends the Court improperly delegated to the Bureau of Prisons and the Probation Office the authority to determine the amount and timing of restitution payments. The authority to set restitution payments is a core judicial function. *United States v. Miller*, 77 F.3d 71, 77 (4th Cir.1996) (quoting *United States v. Johnson*, 48 F.3d 806, 808–09 (4th Cir.1995)). "That general principle does not, however, prohibit courts from using nonjudicial officers to support judicial functions, as long as a judicial officer retains and exercises ultimate responsibility." *Johnson*, 48 F.3d at 809.

Prejudice means "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. Under such standard, it is improbable a court would find Ramey's argument had merit.

Our Court of Appeals decided subsequent to the imposition of judgment in Ramey's case that such delegation of authority was impermissible. *See Miller*, 77 F.3d at 77. Ramey's sentence is hereby modified as follows: While incarcerated, Ramey shall pay 30% of his gross income but not less than $25 per month toward satisfaction of his restitution. While on supervised release, Ramey shall pay the balance of the restitution at 10% of his gross income but not less than $100 per month.

The Court notes that "if a defendant knowingly fails to pay a delinquent fine or restitution the Court may resentence the defendant to any sentence which might originally have been imposed." 18 U.S.C.A. § 3614(a).

### III. CONCLUSION

For the foregoing reasons, the Court **OR-DERS** (1) Ramey's motion to vacate sentence pursuant to 28 U.S.C. § 2255 be **DENIED** in part and **GRANTED** in part; (2) Ramey's sentence be **MODIFIED** as stated above; and (3) this action be **DISMISSED** from the docket of the Court.