**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeremiah C. TUSH, Defendant–**
**Appellant.**

No. 01–3360.

United States Court of Appeals,
Tenth Circuit.

May 3, 2002.

Submitted on the briefs.*

James E. Flory, United States Attorney, and Nancy Landis Caplinger, Assistant United States Attorney, Topeka, KS, for Plaintiff–Appellee.

Jeremiah C. Tush, pro se.

Before BARRETT, PORFILIO and BRORBY, Senior Circuit Judges.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.

BRORBY, Circuit Judge.

Jeremiah C. Tush, a federal prisoner appearing *pro se*, appeals the denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Although the district court denied Mr. Tush's § 2255 motion on the merits, it did issue a certificate of appealability. After careful consideration, we affirm.

## BACKGROUND

Police arrested Mr. Tush in connection with two incidents of arson in De Soto, Kansas, one at an army ammunition plant, and the other at the Full Gospel Tabernacle Church. When questioning Mr. Tush, police found he was carrying a 9mm semi-automatic pistol in the waistband of his pants. A grand jury returned a three-count indictment charging Mr. Tush with arson of real property owned and possessed by the United States in violation of 18 U.S.C. § 844(f)(1), arson of a building used in an activity affecting interstate commerce in violation of 18 U.S.C. § 844(i), and unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Pursuant to a plea agreement, Mr. Tush pled guilty with respect to the church fire under 18 U.S.C. § 844(i). In exchange, the government moved to dismiss the other two charges.

After accepting the guilty plea, the district court sentenced Mr. Tush to sixty months imprisonment. Mr. Tush did not file a direct appeal. However, Mr. Tush filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Tush argued the district court did not have jurisdiction to sentence him because, under a recent Supreme

R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Court decision, the Full Gospel Tabernacle Church was not a building used in interstate commerce for purposes of 18 U.S.C. § 844(i). *See Jones v. United States*, 529 U.S. 848, 859, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000) (holding owner-occupied residential home was not used in interstate commerce for purposes of federal arson statute). The district court found Mr. Tush was not procedurally barred from bringing his § 2255 claim. *United States v. Tush*, 151 F.Supp.2d 1246, 1248–50 (D.Kan.2001). The district court denied the motion on the merits relying on the church's out-of-state visitors to establish use of the building in an activity affecting interstate commerce. *Id.* at 1252–53. Nevertheless, the district court granted a certificate of appealability. This appeal followed.

Because Mr. Tush pled guilty, the occasion never arose for the sentencing court to receive evidence regarding the use of the church building in activities affecting interstate commerce. However, in Mr. Tush's signed plea agreement he stipulated:

> The evidence would ... show that the [Full Gospel Tabernacle Church] was used in an activity affecting interstate commerce, since the church hymnals and Sunday School materials which the church uses are purchased from businesses in Missouri and Tennessee, and the church has visitors who reside out of state.

Mr. Tush also signed a petition to enter a plea of guilty which similarly stipulated:

> I represent to the Court that I did the following acts in connection with the charges made against me in Count 2 of the Indictment: On or about November 1, 1998, in the District of Kansas, I did maliciously damage, and maliciously attempt to damage and destroy, by means of fire and explosive, the building known

as the Full Gospel Tabernacle at 8390 Peoria, De Soto, Kansas, which is used in an activity affecting interstate commerce. This is in violation of 18 U.S.C. § 2 and 844(i).

(Emphasis omitted.)

## DISCUSSION

■ Mr. Tush now argues the district court lacked subject matter jurisdiction to accept a guilty plea under 18 U.S.C. § 844(i) because the Full Gospel Tabernacle Church was not used in an activity affecting interstate commerce. "[W]e review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." *United States v. Pearce*, 146 F.3d 771, 774 (10th Cir.1998).

■ It is a federal crime to maliciously damage or destroy "by means of fire or an explosive, any building ... used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." 18 U.S.C. § 844(i). Construing this statute, the Supreme Court held "an owner-occupied residence not used for any commercial purpose does not qualify as property 'used in' commerce or commerce-affecting activity; arson of such a dwelling, therefore, is not subject to prosecution under § 844(i)." *Jones*, 529 U.S. at 850–51, 120 S.Ct. 1904. In resolving whether a sufficient interstate commerce nexus exists, the proper inquiry "is into the function of the building itself, and then a determination of whether that function affects interstate commerce." *Jones*, 529 U.S. at 854, 120 S.Ct. 1904 (quotation marks and citation omitted). However, we have held *Jones* did not foreclose § 844(i) prosecutions for arson of a church where the defendant made an unqualified stipulation the church was used in an activity affecting interstate commerce. *United States v. Grassie*, 237 F.3d 1199, 1207–08 (10th Cir.), *cert. denied*, 533 U.S. 960, 121 S.Ct. 2614, 150 L.Ed.2d 768 (2001). The Sev-

enth Circuit has similarly held where a defendant pleads guilty to § 844(i) he may not thereafter challenge his conviction on interstate commerce grounds. *United States v. Martin*, 147 F.3d 529, 532 (7th Cir.1998). *See also United States v. Prentiss*, 256 F.3d 971, 982 (10th Cir.2001) (en banc) (citing *Martin* with approval).

In both his plea agreement and his petition to enter a plea of guilty, Mr. Tush made an unqualified stipulation the church building "was used in an activity affecting interstate commerce." Mr. Tush's attempt to recall these stipulations rests on his argument *"Jones* actually made the crime that [he] pled guilty, a non-criminal federal charge, therefore depriving the district court of jurisdiction to accept his plea." Mr. Tush's argument is misplaced.

> [T]he nexus with interstate commerce, which courts frequently call the "jurisdictional element," is simply one of the essential elements of § 844(i). Although courts frequently call it the "jurisdictional element" of the statute, it is "jurisdictional" only in the shorthand sense that without that nexus, there can be no federal crime under the bombing statute.

*Martin*, 147 F.3d at 531–32. The interstate commerce element of § 844(i) " 'is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, *i.e.*, a court's constitutional or statutory power to adjudicate a case.' " *Prentiss*, 256 F.3d at 982 (quoting *Martin*, 147 F.3d at 532). *See also United States v. Rowe*, No. 00–4458, 2001 WL 758789, at *2 (4th Cir. July 5, 2001) ("The interstate commerce element of § 844(i) implicates the jurisdiction of Congress to regulate the conduct at issue, not the jurisdiction of the court to hear a particular case."). Mr. Tush mistakes an essential element of the crime with a jurisdictional requirement. In this case, the district court's subject matter jurisdiction arose from 18 U.S.C.

§ 3231. *Martin*, 147 F.3d at 532. Once Mr. Tush pled guilty in a "court which has jurisdiction of the subject matter and of the defendant, as did the court in the instant case, the court's judgment cannot be assailed on grounds that the government has not met its burden of proving so called jurisdictional facts." *Id.* (quotation marks and citation omitted). Mr. Tush points to no case, and we can find none, overturning a § 844(i) arson conviction because of an insufficient interstate commerce nexus where the defendant both explicitly stipulated to that nexus and pled guilty. Mr. Tush relieved the government of its burden of proving the interstate commerce element of § 844(i) by twice explicitly stipulating a sufficient nexus and independently by pleading guilty. *United States v. Beck*, 250 F.3d 1163, 1166 (8th Cir.2001) ("A guilty plea admits the interstate commerce element of a criminal charge."). Mr. Tush cannot now argue on habeas review that the government failed to establish the interstate commerce element.

For these reasons, the district court's order denying relief under 28 U.S.C. § 2255 is **AFFIRMED**.