**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANA HOWARD MULLEN

Defendant-Appellant.

No. 05-4148
(D.C. Nos. 04-CV-1014-TC and
2:02-CR-53-TC)
(D. Utah)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, **LUCERO,** and **MURPHY**, Circuit Judges.

Dana Mullen, acting pro se, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 petition. For substantially the same reasons set forth by the district court, we **DENY** Mullen's request for a COA and **DISMISS**.

A jury convicted Mullen of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced him to 120 months in prison. He brings three contentions for our consideration on appeal: (1) the district court below did not have federal subject matter jurisdiction; (2) counsel was ineffective in entering into a stipulation of fact and law regarding

transportation in interstate commerce of the gun in question without having conducted an investigation into the facts stipulated to; and (3) the district court erred under United States v. Booker, 543 U.S. 220 (2005) in sentencing Mullen on the basis of facts not found by the jury.[1]  Each of these arguments is without merit.

In support of the first contention, Mullen argues that the district court did not have jurisdiction to hear the case because the government did not establish that the gun in question had been in interstate commerce.  Federal district courts have exclusive jurisdiction to hear federal criminal cases.  18 U.S.C. § 3231.  Because § 922(g) is a federal offense, the district court had subject matter jurisdiction regardless of whether the gun had been in interstate commerce.  Section 922(g)'s requirement that the gun involved in the offense have been shipped or transported in interstate commerce is merely an element of the crime.

---

[1] Because Mullen's petition was filed after April 24, 1996, the effective date of the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999).  AEDPA conditions a petitioner's right to appeal a denial of habeas relief under
§ 2255 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(B).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Mullen to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

See United States v. Tush, 287 F.3d 1294 (10th Cir. 2002) (analogous provision in 18 U.S.C. § 844(i) is an element of the crime and not jurisdictional) (quotation and citation omitted). If Mullen had been able to prove that the gun had not been shipped or transported in interstate commerce, he would have been found not guilty under § 922(g), but the district court would have retained jurisdiction over the case under 18 U.S.C. § 3231.

Next, Mullen claims that his counsel was ineffective because he failed to investigate whether the gun had ever been in interstate commerce and yet stipulated to that fact. He claims that the gun was manufactured and sold in Utah, and had been taken across state lines on only one occasion when the gun's owner took it with her on a vacation to Wyoming.

To establish that his counsel was ineffective, Mullen must demonstrate that "his attorney's representation was deficient and that he was prejudiced by that deficiency." James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). In evaluating a claim of ineffective assistance, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689 (quotation omitted).

A firearm is deemed to have been in interstate commerce if it has been transported across state lines. United States v. Snow, 82 F.3d 935, 940 (10th Cir. 1996). Because interstate commerce is not limited to interstate trade, the fact that the crossing took place when the gun was taken by its owner to Wyoming while on vacation did not render the stipulation improvident. See Archambault v. United States, 224 F.2d 925, 928 n.3 (10th Cir. 1955) ("movement of people across state lines . . . is commerce.") Nor does the distance traveled affect the analysis as long as one state line has been crossed. See International Text-Book Co. v. Pigg, 217 U.S. 91, 107 (1910) ("[i]mportation into one State from another is the indispensable element, the test, of interstate commerce.") Although Mullen's attorney did not conduct an independent investigation, he relied on a statement given by the gun's owner to police that she had taken the gun to Wyoming. Given the attorney's strategic choice to focus at trial on whether the gun was in Mullen's possession, his decision to stipulate that the gun had traveled in interstate commerce does not constitute deficient performance.

Finally, Mullen argues that the district court erred under Booker and Apprendi v. New Jersey, 530 U.S. 466 (2000), by sentencing Mullen on the basis of facts not found by a jury. Mullen presents no evidence suggesting that his sentence was increased by judicial fact-finding. This failure, however, is of no consequence because Booker and Apprendi do not apply retroactively to habeas

petitions.  <u>United States v. Bellamy</u>, 411 F.3d 1182 (10th Cir. 2005).  Thus, the district court committed no error.

Petitioner's request to proceed in forma pauperis is **GRANTED**.  His request for a COA is **DENIED** and his case is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge